IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVA LUCERO, Personal Representative
of the Estate of Benjamin Sanchez; and
ROSEMARIE SANCHEZ, individually,

        Plaintiffs,

vs.                                       CIVIL NO.   00-357 MV/LFG-ACE

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SANCTIONS

THIS MATTER is before the Court on Defendant's Motion for Sanctions [Doc. 67]. The Defendant, United States of America, seeks an award of sanctions as a result of the Plaintiffs' failure to comply with the Court's directive concerning attendance at the Fed. R. Civ. P. 16 settlement conference. The motion is opposed [Doc. 76].

### Settlement Conference Background

Following enactment of the 1990 Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.*, the United States District Court for the District of New Mexico adopted a Civil Justice Expense and Delay Reduction Plan ("Plan"). The Plan was intended to put into effect the CJRA's congressional mandate to expedite the ultimate disposition of litigation and to reduce the costs of litigation.

> The purpose of this legislation is to promote for all citizens--rich or
> poor, individuals or corporations, plaintiff or defendant--the just,

speedy, and inexpensive resolution of civil disputes in our Nation's federal courts."

Pub. L. 101-650, 1990 U.S. Code Cong. and Admin. News, p. 6804.

To deal with growing delays and escalating costs in the resolution of civil disputes, the district's Plan called for hands-on judicial management of cases; scrutiny and oversight of discovery; establishment of strict deadlines within which to prepare cases; and utilization of judicial settlement conferences. Alternative dispute resolution is an integral part of the CJRA, and the Plan adopted by this judicial district contemplated vigorous use of Fed. R. Civ. P. 16 to manage litigation and compel participation in the settlement process. Thus, with few exceptions, the District of New Mexico mandated that all civil actions proceed to settlement conferences.

In 1993, after the enactment of the CJRA, the Federal Rules of Civil Procedure were amended. The amendments were designed to dovetail with and strengthen the CJRA. Indeed, Fed. R. Civ. P. 1, which includes the scope and purpose of the rules, utilizes virtually the same language that appears in the CJRA, "They [the rules] shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

Further amendments to the rules, specifically Rule 16, were intended to bolster the Court's authority to require personal participation in settlement conferences as a way of accomplishing the goals of the CJRA. For example, the Court's authority to impose sanctions for non-compliance with the requirements of Rule 16 was enhanced. The Advisory Committee Notes (1993) state:

> The explicit authorization in the rule to require personal participation [at settlement conferences] in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers, e.g. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989), or its power to require party participation under the Civil Justice Reform Act of 1990. *See* 28 U.S.C. § 473(b)(5)(civil justice

> expense and delay reduction plans adopted by district courts may include requirement that representatives "with authority to bind [parties] in settlement discussions" be available during settlement conferences).

Courts require the physical presence of parties or designated representatives with final settlement authority due to the very manner in which settlement conferences are conducted. Unlike mediation, where the facilitator is considered a "neutral" and expresses no opinion on the merits of the claim, settlement conferences in this district conducted under Rule 16 utilize a unique process where an experienced judge, other than the trial judge, meets with the parties and assists in evaluating the strength and weakness of the case.

Additionally, the parties themselves hear the opponent's position, and based on that presentation, often re-evaluate their own settlement posture. The Rule 16 settlement process, especially the judicial evaluation, is important in that a party hears, perhaps for the first time, an evaluation of the strengths and weaknesses of claims and defenses from someone other than the party's own attorney.

The judicial evaluation is especially valuable because it is being made by someone who is neither the accused nor the accuser; is not the plaintiff or the defendant; and is not an advocate for either of them. The evaluation comes from someone who is neither asking for money nor who will be required to pay money, and has no personal interest in the outcome of the litigation, save for a just and fair resolution of the case. Moreover, the very fact that an evaluation is made by a judge, albeit not the trial judge, has special importance. Parties tend to pay particular attention, and often give great weight and deference to that evaluation. Thus, it is critical that the party or personal representative with full settlement authority be present to visit with a judge and hear the settlement

judge's own evaluation. This can be of immeasurable benefit in assisting the parties to evaluate the case and consider the risks of litigation and the benefits of a negotiated settlement.

It is beyond dispute that the court may compel the attendance of parties at these Rule 16 conferences. *See* Fed. R. Civ. P. 16(c)("If appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute"); Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(5)(The court may require that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference"); Schwartzman, Inc. v. ACF Industries, Inc., 167 F.R.D. 694, 698 (D.N.M. 1996)(district courts have the general inherent power to require a party to have a representative with full settlement authority present, or at least reasonably and promptly accessible, at pretrial conferences, *quoting* In re Stone, 986 F.2d 898, 903 (5th Cir. 1993)).

While is clear that the Court has the power to require actual physical presence of a party and to compel good-faith participation in settlement conferences, a court does not have the authority to compel settlement. Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985). *See also* Domann v. Vigil, No. CIV 99-192 LH/JHG, at 2 (D.N.M. July 6, 2000). It is not the purpose of Rule 16(c)(9) to impose settlement on unwilling parties. Rather, the conference provides a forum and an opportunity to consider aspects of the claims and defenses which the parties may have overlooked or not considered. Thus, if a party declines to settle after hearing the opposing party's position at a settlement conference, together with the settlement judge's private evaluation, that is perfectly appropriate. A party cannot be compelled to settle. Id.

The problem raised by the present motion is not that the parties didn't settle. Rather, it is that Plaintiff's failure to comply with the Court's order concerning attendance at the settlement conference

eliminated the possibility of any settlement and needlessly increased the costs and expenses for the Defendant, thus, thwarting the CJRA's goals and the Court's responsibilities under the district's Plan.

In January 2001, the Court issued its order concerning the settlement conference [Doc. 42]. The Court's order required the physical presence of the parties or designated representatives with full settlement authority. The Court's order stated in part, "Any request to excuse a party or trial counsel from the settlement conference must be presented to the Court in writing." There are two Plaintiffs, Eva Lucero and Rosemarie Sanchez. Thus, both were required to be present.

Prior to the settlement conference, Plaintiffs' counsel neither sought nor obtained permission from the Court to excuse either of the Plaintiffs. Plaintiffs' counsel did not make any request in writing or otherwise to excuse anyone from the conference. Yet, only Eva Lucero appeared. Without seeking Court concurrence, Plaintiff Rosemarie Sanchez did not.

Defendants were present through counsel. At the commencement of the conference, when the Court was apprised that one Plaintiff was not present, the Court advised Plaintiffs' counsel that Ms. Sanchez's non-appearance violated the Court's directive and would likely interfere with the Court's ability to provide a private evaluation on the merits of the case. Nonetheless, due to the presence of all counsel and one Plaintiff, the Court sought to proceed with the Rule 16 conference.

The Court's concerns were well-founded. Good-faith proposals were made by Defendant USA, and Plaintiff Eva Lucero and her attorney advised that they did not have the authority to accept the proposal, or to make counter proposals because of pre-hearing instructions given by the missing Plaintiff, Rosemarie Sanchez. Prior to hearing Defendant's position or the Court's private evaluation, Ms. Sanchez had given her co-Plaintiff and attorney a "bottom line" settlement figure, that is, a figure below which she would not settle. Eva Lucero and her attorney indicated that their "hands were

5

tied," as the Defendant's offers were below an amount acceptable to the non-attending Plaintiff. Because she was not present at the conference or available by telephone, she never heard the Court's own evaluation, never heard the USA's position, and, thus, never had an opportunity to consider or re-evaluate her settlement position.

The private discussions between the settlement judge, counsel and attending parties were useless, as the party who had the settlement authority was not there. Thus, nothing that the Court could have said at the conference in reference to the strengths or weaknesses of the case could have made any difference whatsoever. As Rosemarie Sanchez was not there, no information could have altered her pre-conference "bottom line," and no persuasion could have caused her to re-evaluate her position. Thus, due to her absence, no one could encourage or persuade her, or provide any evaluation demonstrating that a settlement at a different figure, even an amount below the proposed "bottom line," was fair or reasonable.

Clearly, Ms. Sanchez has an absolute right not to settle the case. The Court's concern is not with the fact that the case didn't settle, but, rather, with Plaintiff's violation of the Court's directive, which eliminated any possibility that the Court's private evaluation could have altered the settlement discussions and needlessly increased the costs of the litigation, and wasted precious judicial resources.

Had Plaintiffs' counsel advised the Court prior to the conference that the parties were not interested in settling, or that the Plaintiff had decided on a settlement sum that was fixed and firm and would not be altered, notwithstanding the Court's own evaluation, the Court could easily have ascertained from opposing counsel if Defendant would still be amenable to participating in the conference, knowing that Plaintiff Sanchez had an irretractable settlement figure. The Court would have vacated the settlement conference and not imposed any further obligation on the parties had it

6

been apprised of the futility of the settlement endeavor. Certainly, the Court would have had no interest in performing a useless act or in compelling parties to attend a settlement conference when a party was intent on proceeding to trial. Indeed, this option is specifically noted by the Fed. R. Civ. P. 16 Advisory Committee Notes (1983)("while it is believed that providing a neutral forum for discussion may foster settlement, the Rule does not make settlement conferences mandatory because it would be a waste of time in many cases"); *see also* Fed. R. Civ. P. 16 Advisory Committee Notes, Subdivision (c)(9)(1993)("the unwillingness of a party to be available . . . for a settlement conference may be a clear signal that the time and expense involved in pursuing settlement is likely to be unproductive and that personal participation by the parties should not be required").

Defendants incurred costs and fees in attending a settlement conference that was doomed from the outset by Rosemarie Sanchez's non-attendance. The Court determines that sanctions are appropriate. The Court again notes that the sanction is being imposed because the Plaintiff failed to comply with the Court's order requiring participation, not because the case did not settle.

The Court orders that the Plaintiff, Rosemarie Sanchez, reimburse the United States for some of the attorney fees incurred. Although two defense attorneys were present for five hours, for a total of ten hours' time, the Court will not require actual reimbursement of the total time for two attorneys, but will require Plaintiff to pay a total sum of $875 for reasonable attorney fees.[1]

Plaintiff is required to reimburse the United States by paying the Clerk of the Court. Plaintiffs' counsel shall file a certificate with the Court verifying that the Rule 16(f) sanctions have been paid in the total sum of $875 within ninety days.

---

[1] At a rate of $175 per hour per attorney, a reasonable reimbursement would be $1,750.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFFS:
Anthony F. Little, Esq.

ATTORNEYS FOR DEFENDANT:
Cynthia Linn Weisman, Esq.
Dori Richards, Esq.